JAP:NR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-11-889**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DENISE TAVERAS,

              Defendant.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(21 U.S.C. §§ 952(a) and 960)

EASTERN DISTRICT OF NEW YORK, SS:

    REBECCA GOLDSTEIN, being duly sworn, deposes and states that she is a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

    Upon information and belief, on or about September 1, 2011, within the Eastern District of New York and elsewhere, defendant DENISE TAVERAS, did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

    (Title 21, United States Code, Sections 952(a) and 960).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about September 1, 2011, DENISE TAVERAS arrived at John F. Kennedy International Airport ("J.F.K. Airport") in Queens, New York, from the Dominican Republic. She arrived aboard JetBlue Airlines Flight # 842 from Santo Domingo, Dominican Republic.

2. Defendant DENISE TAVERAS was selected for a Customs and Border Protection ("CBP") examination. The defendant presented one black "Clipperclub" bag for inspection. She admitted ownership of the Clipperclub bag. During an examination of the bag and its contents, the inspector notice that the bottom of the luggage felt unusually thick. The inspector probed the suitcase and discovered a white powdery substance, which subsequently field-tested positive for the presence of cocaine.

3. The total approximate gross weight of the cocaine found in defendant DENISE TAVERAS'S bag was 1,966 grams.

4. The defendant was arrested and read her <u>Miranda</u> rights. She appeared to understand those rights and agreed to waive them. She stated, in sum and in part, that she knew that she was bringing illegal narcotics into the United States. She also stated, in sum and in part, that she was expecting to be

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

paid $5,000 for transporting the illegal narcotics.

WHEREFORE, your deponent respectfully requests that defendant DENISE TAVERAS be dealt with according to law.

REBECCA GOLDSTEIN
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
1st day of September, 2011

T
U
E